IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| v. | § | CRIMINAL NO. 6:10cr46-7 |
| KYLE LYNN HAYES | § | |

## ORDER RELATING TO DEFENSES, OBJECTIONS, OR REQUESTS

a)  It is **ORDERED**, on the court's own motion, that any defense, objection, or request by defendant, in this criminal action which is capable of determination without the trial of the general issue must be in writing and may be raised only by motion to dismiss or to grant appropriate relief.  Rule 12(a)-(b), Fed. R. Crim. P.

b) The following defenses, objections, or requests must be filed on or before June 14, 2010.

   (1)   Defenses and objections based on defects in the institution of the prosecution; or

   (2)   Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding); or

   (3)   Motions to suppress evidence; or

   (4)   Requests for discovery under Rule 16; or

   (5)   Requests for severance of charges or defendants under Rule 14.

Rule 12(b), Fed. R. Crim. P.

  c) A failure to raise any of the foregoing defenses, objections, or requests on or before the time set above, or any extension thereof made by the court, shall constitute waiver thereof, but the court may grant relief from the waiver for cause shown. Rule 12(f), Fed. R. Crim. P.

  d) Any other defenses, objections, or requests which are capable of determination without the trial of the general issue shall also be filed on or before June 14, 2010. Such defenses, objections, or requests shall include, without limitation, the following:

  (1) selective or vindictive prosecution;

  (2) outrageous governmental misconduct violative of due process;

  (3) misjoinder under Rule 8, Fed. R. Crim. P.;

  (4) pre-indictment delay;

  (5) speedy trial;

  (6) prejudicial publicity;

  (7) lack of personal jurisdiction;

  (8) the Posse Comitatus Act, 18 U.S.C. § 1385(1984);

  (9) recantation as a defense to perjury;

(10) statute of limitations;

(11) double jeopardy;

(12) multiple sentencing;

(13) immunity;

(14) the propriety of venue;

(15) disclosure of grand jury minutes;

(16) bill of particulars;

(17) prejudicial joinder under Rule 14, Fed. R. Crim. P.;

(18) depositions under Rule 15(a), Fed. R. Crim. P.;

(19) subpoena on behalf of defendant unable to pay; and

(20) transfer to another place for trial.

See generally, 1 Wright, Federal Practice and Procedure: Criminal 2d 191; 8 Moore's Federal Practice, § 12.03[2].

e) A failure to raise any of the foregoing, defenses, objections, or requests on or before the time set above, or any extension thereof made by the court, shall likewise constitute a waiver thereof, but the court may grant relief from the waiver for cause shown.

**SIGNED** this 21st day of May, 2010.

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE